IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

BETTY BLACKMAN )
 )
 v. ) NO. 3:14-1220
 )
METRO NASHVILLE PUBLIC )
SCHOOLS )

TO: Honorable Todd J. Campbell, Chief District Judge

**R E P O R T   A N D   R E C O M E N D A T I O N**

By Order entered May 28, 2014 (Docket Entry No. 3), this action was referred to the Magistrate Judge to enter a scheduling order for management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court.

Presently pending before the Court is the Defendant's motion to dismiss (Docket Entry No. 8), to which the Plaintiff has not responded.[1] For the reasons set out below, the Court recommends that the motion be granted.

**I. BACKGROUND**

The Plaintiff is a former employee of the Metropolitan Nashville Public Schools ("MNPS"). On May 22, 2014, she filed this action pro se and in forma pauperis against MNPS alleging that she

---

[1] By Order entered July 7, 2014 (Docket Entry No. 10), the Plaintiff was advised of the motion and given a deadline of August 15, 2014, to file a response.

was wrongfully discharged from employment with MNPS in February 2013, and that she was also not provided with reasonable accommodations for her disabilities prior to her discharge.[2] By the order of referral, the Clerk was directed to issue process to the MNPS on the plaintiff's complaint.

In lieu of an answer, MNPS has filed the pending motion to dismiss. The sole argument raised by MNPS is that it is a department within the Metropolitan Government of Nashville and Davidson County ("Metropolitan Government") and is not a legal entity capable of being sued.

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is reviewed under the standard that the Court must accept as true all of the allegations contained in the complaint, resolve all doubts in the plaintiff's favor, and construe the complaint liberally in favor of the pro se plaintiffs. See Kottmyer v. Maas, 436 F.3d 684 (6th Cir. 2006); Boswell v. Mayer, 169 F.3d 384, 387 (6th Cir. 1999); Morgan v. Church's Fried Chicken, 829 F.2d 10, 11-12 (6th Cir. 1987). However, although the complaint need not contain detailed factual allegations, the plaintiffs must provide the grounds for their entitlement to relief and this "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (abrogating Conley v. Gibson, 355 U.S. 41 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). See also Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). The factual allegations supplied must be enough to show a plausible right to relief. Twombly, 550 U.S. at 555-61. More than bare assertions of legal conclusions are required to

---

[2] Although the Plaintiff clearly alleges only claims of disability discrimination, she has used a form complaint for an action brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. ("Title VII").

withstand a motion to dismiss and the complaint must contain either direct or inferential allegations respecting all of the material elements to sustain a recovery under some viable legal theory. Id.; Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436-37 (6th Cir. 1988).

### III. ANALYSIS

The motion to dismiss should be granted. Rule 17(b) of the Federal Rule of Civil Procedure provides that the capacity of a governmental entity to sue or be sued in federal court is governed by the law of the state in which the entity was organized. Political subdivisions of a state or local government have legal capacity only if the law creating them recognizes them as separate legal entities having capacity to sue or be sued. See Haines v. Metropolitan Gov't of Davidson Cnty., 32 F.Supp.2d 991, 994 (M.D. Tenn. 1998). Courts have routinely found that the charter creating the Metropolitan Government provides that only the Metropolitan Government itself can sue or be sued and that internal departments or subdivisions are not legal entities capable of being sued. See Gant v. Metropolitan Police Dep't, 2010 WL 3341882, *3 (M.D. Tenn. Aug. 24, 2010) (Trauger, J.); Johnson v. Metropolitan Gov't of Nashville and Davidson Cnty., Tenn., 2008 WL 2066475, *8 n.5 (M.D. Tenn. May 13, 2008) (Trauger, J.); Haines, supra.

In this action, the only named defendant is an entity that cannot be sued. Although the Plaintiff was advised by the Court of the need to respond to the motion to dismiss and that her action could be dismissed if she did not respond and although the Defendant's motion provided her with a clear outline of the specific legal deficiency of her complaint and even suggested how this deficiency could be corrected, see Memorandum in Support (Docket Entry No. 9), at 3, the Plaintiff has not responded in any manner to the motion to dismiss. While the Court recognizes the Plaintiff's status as a pro se litigant requires that she be afforded a certain measure of leniency, the "lenient treatment

generally accorded to pro se litigants has limits." Pilgrim v. Littlefield 92 F.3d 413, 416 (6th Cir. 1996). The Plaintiff's pro se status does not relieve her from basic procedural obligations, see Fields v. County of Lapeera, 2000 WL 1720727 at *2 (6th Cir. Nov. 8, 2000); Downs v. Westphal, 78 F.3d 1252, 1257 (7th Cir. 1996), and does not require the Court to act as an advocate for her. See Thompson v. A.J. Rose Mfg. Co., 208 F.3d 215 (6th Cir. 2000); Bell v. Tennessee, 2012 WL 996560, at *9 (E.D. Tenn. March 22, 2012). The Plaintiff failed to bring her action against a proper party, has failed to respond to the pending dispositive motion, and has failed to correct the deficiency of her complaint. Accordingly, this action should be dismissed.

## RECOMMENDATION

The Court respectfully RECOMMENDS that the Defendant's motion to dismiss (Docket Entry No. 8) be GRANTED and this action be DISMISSED WITHOUT PREJUDICE.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

    Respectfully submitted,

    _____
    JULIET GRIFFIN
    United States Magistrate Judge